LAW OFFICES OF
**VENJURIS, P.C.**
1938 EAST OSBORN ROAD
PHOENIX, ARIZONA 85016
TELEPHONE (602) 631-9100
FACSIMILE (602) 631 9796
E-MAIL DOCKETING@VENJURIS.COM

Joseph R. Meaney (AZ Bar. No. 017371)
John C. Mascari (AZ Bar. No. 023345)

*Attorneys for Plaintiff Iron Warrior Jewelry LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IRON WARRIOR JEWELRY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ATHLETES FOR CHRIST, L.P. dba SHIELDS OF STRENGTH<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT**<br><br>(JURY TRIAL REQUESTED) |

Plaintiff Iron Warrior Jewelry LLC ("Iron Warrior" or "Plaintiff") seeks a Declaratory Judgment that it is not infringing any rights, patent or otherwise, owned by Defendant Athletes for Christ, L.P. ("Defendant"). In support of this action, Plaintiff alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Iron Warrior Jewelry LLC is an Arizona limited liability company with its principal place of business in Phoenix, Arizona.

2. Defendant Athletes for Christ, L.P. dba Shields of Strength ("Athletes for Christ" or "Defendant) is a Texas limited partnership having its principal place of business in Beaumont, Texas.

-1-

3.     Personal jurisdiction over Defendants is proper in this District based on contacts with this state, and based on the litigation threats and enforcement actions described below.

4.     This Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202, is properly filed in respect to an actual controversy of which this Court has jurisdiction under the Patent Laws of the United States (35 US.C. § 1 et. seq.) and 28 U.S.C. § 1338.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**SUBJECT MATTER OF CONTROVERSY AND ACTS COMPLAINED OF**

6.     Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 5 as though fully set forth herein.

7.     Plaintiff sells jewelry in the shape of weightlifting equipment including kettlebells, dumbbells, weight plates, and other similar designs engraved with inspirational phrases such as "Earn your body."

8.     On June 30, 2014, Defendant sent a letter to Plaintiff asking that Plaintiff discontinue production and sale of its jewelry.

9.     Defendant's June 30 letter asserted that Plaintiff's goods infringed on Defendant's pending design patents. Defendant did not offer any number, name, or other identifying information by which Plaintiff could find and examine the pending design patents.

10.    Defendant's June 30 letter further asserted that Plaintiff's goods infringed on Defendant's trademark application No. 86/097,783 comprising a circular design in the shape of a weight plate.

11.    On July 15, 2014, Plaintiff requested copies of Defendant's design patents in order to evaluate the possibility of infringement.

12.    Plaintiff's June 15 communication further requested an explanation of anomalies in its trademark file history.

-2-

13.     As of July 27, 2014, Plaintiff had removed from its website's store page all accused plate necklaces bearing the "X" design on one face.

14.     On August 5, 2014, Defendant's design patent for a dumbbell necklace issued under registration number D710,241.  Prior to August 5, 2014 Defendant's design claim was secret, unknown to Plaintiff and otherwise not available for public review.

15.     As of August 12, 2014, Plaintiff had removed from its website's store page all accused dumbbell necklaces.

16.     On August 13, 2014, Defendant first responded to Plaintiff's July 15th request for information about Defendants alleged designs.

17.     The August 13 letter was the first communication from Defendant that affirmatively identified the dumbbell design.

18.     The August 13 letter further asserted that Plaintiff was infringing on a pending kettlebell necklace design patent, but did not identify the pending application by name, number, or any other means.  The letter also did not enclose a copy of the pending design.

19.     As of August 26, 2014, Plaintiff removed from its website's store page all accused kettlebell necklaces.

20.     On August 26, 2014, Plaintiff sent a letter to Defendant again requesting information about Defendant's trademark and patents.

21.     On October 14, 2014, Defendant's design patent for a kettlebell necklace issued under registration number D715,177.

22.     On February 11, 2015, Defendant sent a letter to Plaintiff once again asserting trademark and patent infringement for the stated trademark and patents. Defendant further asserted infringement of a registered copyright with the registration No. VA0001938108.

23.     Upon information and belief, Athletes for Christ's partner Kenneth Vaughan has personally contacted online advertisers for plaintiff's jewelry on at least

one occasion with the purpose of persuading the advertisers to stop advertising Plaintiff's products.

24. Defendant's trademark appears facially invalid for failure to demonstrate acquired distinctiveness.

25. Plaintiff creates its own jewelry designs and does not market any designs from other sources.

26. Plaintiff's jewelry designs are not infringing on any of Defendant's design patents.

27. Plaintiff's jewelry designs are not infringing on any of Defendant's trademarks.

28. Plaintiff's jewelry designs are not infringing on any of Defendant's copyrights.

29. Defendants' threats and actions have placed Plaintiff in reasonable apprehension of being sued by Defendants, and have created an actual controversy within the scope of 28 U.S.C. § 2201.

30. Upon information and belief, Plaintiff is not currently in violation of any rights owned by Defendant and is not otherwise liable to Defendant for any actions arising out of the sale of its goods or the use of its trademark.

31. Unless Defendant is permanently enjoined from doing so, Defendant will continue to assert its perceived rights against Plaintiff as well as Plaintiff's customers and advertisers.

32. Unless Defendant is enjoined from doing so, Plaintiff will continue to be greatly and irreparably injured and has no adequate remedy at law.

33. Defendants' charges of copyright infringement, patent infringement, and trademark infringement constitute a grave and wrongful interference with the business of Plaintiff in this District.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a judgment and declaration that Iron Warrior does not infringe any rights owned by Defendant;
2. For a decree enjoining and restraining Defendant from all further charges of infringement and violations of rights, including:
    a. threatening Iron Warrior's existing or prospective customers, suppliers, dealers or any users of Iron Warrior's goods with statements or representations that they are performing acts or engaged in activity that violates rights owned by Defendant; and/or
    b. initiating and/or maintaining infringement litigation, or threatening litigation, against Iron Warrior's existing or prospective customers, suppliers, dealers or any users of Iron Warrior's goods that asserts or charges infringement or other violation of rights owned by Defendants;
3. For damages in the amount proven at trial;
4. For Plaintiff's attorneys' fees;
5. For Plaintiff's costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 20th day of February, 2015

**Venjuris, P.C.**

By _____

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joseph R. Meaney SBN 017371**
**John C. Mascari SBN 023345**
**1938 East Osborn Road**
**Phoenix, Arizona  85016**
**Tel: 602-631-9100**
**Fax: 602-631-9796**
**E-Mail docketing@venjuris.com**
**Attorneys for Plaintiff Iron Warrior Jewelry LLC**